IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH B. GIBBS,

        Plaintiff,

   v.

T. FARLEY, et al.,

        Defendants.

_____/

No. C-13-2114 TEH (PR)

ORDER SERVING COGNIZABLE CLAIMS

(Doc. # 4)

      Plaintiff Kenneth Gibbs, an inmate at Pelican Bay State Prison (PBSP) in Crescent City, California, commenced this action on May 8, 2013 by submitting a letter to the Court. Subsequently, Plaintiff properly filed a complaint on the Court's civil rights form. Doc. #4. Plaintiff also has filed an application to proceed in forma pauperis (IFP). This application is granted in a separate order. Plaintiff's complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

I

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633.

II

In his complaint, Plaintiff asserts the following allegations. On April 24, 2013, PBSP Officers T. Farley and R. Grahams came to Plaintiff's cell to escort him to the Interdisciplinary Treatment Team (IDTT). Officer J. Andersen was also present. Officers Farley and Andersen handled Plaintiff aggressively, making him feel that his welfare and security was at

2

stake. Upon exiting the building and out of sight of other inmates, these Officers slammed Plaintiff against the wall and told him that "if he moved, they were going to take him down." The Officers then reversed directions and began escorting Plaintiff back to his cell. Within a few feet of his cell, someone placed their foot before Plaintiff, causing him to fall. While Plaintiff was falling, Officer Andersen placed his knee upon Plaintiff's back, causing Plaintiff's handcuffs to tighten so that he felt excruciating pain. While Plaintiff was on the ground, Officers Andersen and Farley jammed their elbows into Plaintiff's neck, causing him more pain. During this entire time, Plaintiff was not resisting the Officers. Other Officers arrived at the scene. Officer Chisman kicked Plaintiff in his loins.

As a result of the Officers' use of excessive force, Plaintiff suffered a swollen eye, a swollen knee and a sprained wrist. The Officers also filed a Rules Violation Report (RVR) against Plaintiff, falsely asserting that he was resisting a peace officer. Plaintiff was found guilty and lost ninety days of good time credit.

Based on these allegations, Plaintiff alleges the following claims: (1) an Eighth Amendment claim against Officers Farley, Andersen, Chisman based on their use of excessive force against Plaintiff; (2) an Eighth Amendment claim against Officer Grahams based on the fact that she was present when the other Officers violated Plaintiff's Eighth Amendment rights and did nothing to stop them; and (3) a claim for lack of access to the Courts against Officers Farley and Andersen on the ground that they

3

filed false reports of the above-mentioned incident to cover up their use of excessive force.

## III

### A

In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Where a prisoner claims that prison officials used excessive force, he must show that the officials applied force maliciously and sadistically to cause harm. Id.; Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013). Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. Hudson, 503 U.S. at 9-10. In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Id., 503 U.S. at 7; LeMaire v. Maass, 12 F.3d 1444, 1454 (9th Cir. 1993); see also Spain v. Procunier, 600 F.2d 189, 195 (9th Cir. 1979) (guards may use force only in proportion to need in each situation).

Construing these allegations liberally, Plaintiff states an Eighth Amendment excessive force claim against Defendants.

4

B

Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977).[1] To establish a claim for a violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. Lewis, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim in court concerning his conviction or conditions of confinement. Id. at 354-55; Christopher v. Harbury, 536 U.S. 403, 415 (2002) (to state a claim, allegations must show the actual injury of being shut out of court). Plaintiff is also informed there is no constitutional right to a prison administrative appeal or grievance system. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Furthermore, a prisoner has no constitutionally guaranteed right not to be falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949,

---

[1] The constitutional source of the right of access to the courts is not settled. See Christopher v. Harbury, 536 U.S. 403, 413-14 & 415 n.12 (2002); Lewis, 518 U.S. at 366-67 (Thomas, J., concurring). Supreme Court decisions have grounded the right in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses. Christopher, 536 U.S. at 415 n.12 (citing cases). The Ninth Circuit also has found various constitutional sources for the right. See, e.g., Cornett v. Donovan, 51 F.3d 894, 897 (9th Cir. 1995) (right grounded in due process and equal protection clauses).

951 (2d Cir. 1986).

Even construed liberally, Plaintiff's allegations are insufficient to state a claim for lack of access to the courts. Plaintiff must allege that the actions of Defendants hindered him from pursuing his claims in court. Although Plaintiff states that Defendants' falsified their reports so that he was found guilty, he does not allege how those false reports prevented him from pursuing his claim against them in court. Furthermore, as stated above, Plaintiff has no constitutionally guaranteed right not to be falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse, 870 F.2d at 452; Freeman, 808 F.2d at 951.

Therefore, this claim against Defendants Farley and Andersen is dismissed. Dismissal is with leave to amend for Plaintiff to remedy the deficiency noted above, if he truthfully can do so.

IV

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's Eighth Amendment excessive force claims against all Defendants are cognizable. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter and all attachments thereto and copies of this order on the following PBSP employees: Officers Farley, Andersen, Grahams and Chisman. The Clerk shall also mail a copy of this order to Plaintiff and mail a courtesy copy of this Order and the complaint to the California

6

Attorney General's Office in San Francisco.

2. Plaintiff's claim based on lack of access to the court is dismissed with leave to amend for Plaintiff to remedy the deficiencies noted in the Order, if he truthfully can do so.

3. To expedite the resolution of this case, the Court orders as follows:

a. No later than sixty-three (63) days from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. Defendants' motion shall include the required Ninth Circuit notice to Plaintiff for opposing dispositive motions required by Rand v. Rowland, 154 F.3d 952, 962–63 (9th Cir. 1998)(motion for summary judgment) and Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (motion to dismiss). See Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirements set out in Rand must be served concurrently with the motion); Stratton v. Terhune, 697 F.3d 1004, 1008 (9th Cir. 2012) (notice requirement set out in Wyatt must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies). If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date their motion is due. All papers filed with the Court shall be served promptly on Plaintiff.

b. Plaintiff's opposition to the dispositive motion

7

shall be filed with the Court and served upon Defendants no later than thirty-five (35) days after Defendants serve Plaintiff with the motion.

          c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your amended complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand</u>, 154 F.3d at 962-63.

     Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your

8

opposition in order to dispute any "factual record" presented by the Defendants in their motion to dismiss. Wyatt, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters stated therein. In considering a motion to dismiss for failure to exhaust, the Court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse Defendant's obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

   d. Defendants shall file a reply brief within fourteen (14) days of the date on which Plaintiff serves them with the opposition.

   e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before

9

the parties may conduct discovery.

    4.   If Plaintiff can cure the pleading deficiencies described above in regard to his claim for lack of access to the court, he may file an AMENDED COMPLAINT within twenty-eight days from the date this order is filed.  The amended complaint must include the caption and civil case number used in this order (C 13-2114 TEH (PR)) and the words AMENDED COMPLAINT on the first page.  The amended complaint must indicate which specific, named Defendant(s) was involved in the cause of action, what each Defendant did, what effect this had on Plaintiff and how it hindered his efforts to file his claim in court.  Plaintiff may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile, and the deficient claim will be dismissed.

    5.   If Plaintiff does not wish to file an amended complaint, he shall so inform the Court within twenty-eight days from the date of this Order.

    6.   Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

    7.   All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to

Defendants or Defendants' counsel.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED   *06/25/2013*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.13\Gibbs v Farley 13-2114 Serve Cognizable Claims.wpd