United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH GIBBS,

Plaintiff,

v.

CARSON, et al.,

Defendants.
_______________________________/

No. C 13-02114 THE (PR)

ORDER DIRECTING PLAINTIFF TO PROVIDE CURRENT ADDRESS NECESSARY TO LOCATE DEFENDANT

Plaintiff Kenneth Gibbs, a state prisoner at Pelican Bay State Prison (PBSP), filed the present pro se prisoner complaint under 42 U.S.C. § 1983. On June 25, 2013, the Court issued an "Order Serving Cognizable Claims," ordering service on four Defendants, including Defendant R. Grahams. Doc. #7. On July 17, 2013, the United States Marshal informed the Court that it could not serve Defendant Grahams. The process receipt and return filed by the United States Marshal indicates that the PBSP Litigation Coordinator said that more information is need to identify this Defendant. Doc. #11.

Although a plaintiff who is incarcerated and proceeding in forma pauperis (IFP) may rely on service by the Marshal, such plaintiff “may not remain silent and do nothing to effectuate such service”; rather, “[a]t a minimum, a plaintiff should request

United States District Court
For the Northern District of California

service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

Because Plaintiff has not provided sufficient information to allow the Marshal to locate and serve the above-named Defendant, Plaintiff must remedy the situation or face dismissal of his claims against this Defendant without prejudice. See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Pursuant to Fed. R. Civ. P. 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a problem accomplishing service, a pro se litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge." Rochon, 828 F.2d at 1110. Accordingly, Plaintiff must provide the Court with an accurate and current address for Defendant Grahams such that the Marshal is able to effect service.

CONCLUSION

In light of the foregoing, the Court orders as follows:

1. Plaintiff must provide the Court with an accurate and current address for Defendant R. Grahams such that the Marshal is able to effect service. If Plaintiff fails to provide the Court with an accurate and current address for this Defendant within thirty (30) days of the date this Order is filed, Plaintiff's

United States District Court
For the Northern District of California

**claims against him will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

**2. If the requested information is provided to the Court, service shall again be attempted. If service fails a second time, the claims against Defendant Grahams shall be dismissed.**

IT IS SO ORDERED.

**Dated: 08/20/2013**

**THELTON E. HENDERSON**
**UNITED STATES DISTRICT JUDGE**

**G:\PRO-SE\TEH\CR.13\Gibbs 13-2114 Locate Def.wpd**