IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH GIBBS,<br><br>        Plaintiff,<br><br>   v.<br><br>T. FARLEY, et al.,<br><br>        Defendants. | No. C 13-02114 TEH (PR)<br><br>ORDER DENYING WITHOUT PREJUDICE MOTION TO DISMISS; SCHEDULING AMENDED COMPLAINT<br><br>(Doc. ## 23, 38) |

Plaintiff Kenneth Gibbs, a state prisoner presently incarcerated at California State Prison-Sacramento, filed the present pro se prisoner complaint under 42 U.S.C. § 1983 regarding incidents that took place at Pelican Bay State Prison (PBSP), where he was previously incarcerated. The Court screened the complaint and found Plaintiff had stated an Eighth Amendment excessive force claim. The Court ordered the complaint served on four defendants at PBSP.

Defendants have filed a motion to dismiss the case on the grounds that Plaintiff has not exhausted his administrative remedies. Plaintiff has filed an opposition and Defendants have

filed a reply. Plaintiff has also filed a motion for leave to file a supplemental complaint.

I

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

The State of California provides its prisoners the right to appeal administratively "any policy, decision, action, condition, or omission by the [CDCR] or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." 15 C.C.R. § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, submitted on a CDC 602 inmate appeal form; (2) first formal level appeal, to an institution appeals coordinator;(3) second formal level appeal, to the institution warden; and (4) third formal level appeal, to the Director of the CDCR. See 15 C.C.R. § 3084.7; Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010).

2

In <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir.2003), the Ninth Circuit held that a failure to exhaust under § 1997e(a) should be raised by a defendant as an "unenumerated Rule 12(b) motion." Pursuant to <u>Wyatt</u>, Defendants here filed their motion to dismiss under the non-enumerated portion of Federal Rule of Civil Procedure 12(b) and provided Plaintiff with the appropriate notice pursuant to <u>Wyatt</u>, 315 F.3d at 1120, n.14 and <u>Woods v. Carey</u>, 684 F.3d 934, 940 n.6 (9th Cir. 2012). However, in <u>Albino v. Baca</u>, --- F.3d ----, 2014 WL 1317141 (9th Cir. Apr. 3, 2014), the Ninth Circuit recently overruled <u>Wyatt</u> in part and held that a motion for summary judgment is the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted. <u>Albino</u>, at *4. Following the decision in <u>Albino</u>, a defendant may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. <u>Id.</u> at *4-5. "[A]n unenumerated motion under Rule 12(b) is not the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted." <u>Id.</u> at *4.

Accordingly, Defendants' motion to dismiss is DENIED without prejudice to renewing their arguments in support of dismissal by way of a motion for summary judgment as set forth in <u>Albino</u>.

## II

The Court is mindful that Plaintiff concedes that he did not exhaust administrative remedies until after filing this action.

3

1 Specifically, Plaintiff states in his declaration in support of his
2 opposition to Defendants' motion to dismiss: "I feared filing a
3 grievance prior to this suit for fear of retaliation and being
4 screened out; I have since exhausted these issues." (See Pl. Decl.
5 (Dkt. #37), at ¶¶ 15-16.)  Defendants' have also submitted evidence
6 showing that the Director's level appeal decision issued on October
7 1, 2013 – almost six months after Plaintiff filed this action.
8 (See Defs.' Reply (Dkt. #45), Ex. C.)

9 Prior to Albino, failure to exhaust before filing suit
10 would subject the action to dismissal without prejudice to filing a
11 new action once plaintiff had exhausted the prison grievance
12 process.  See McKinney, 311 F.3d at 1199-1201 (action must be
13 dismissed without prejudice unless prisoner exhausted available
14 administrative remedies before he filed suit, even if prisoner
15 fully exhausts while the suit is pending).  Following Albino, the
16 proper procedure is unclear.

17 The Court need not determine the proper procedure here
18 because, as discussed above, Defendants have not filed a motion for
19 summary judgment pursuant to Albino.  Further, recent case law
20 holds that a prisoner may satisfy the exhaustion requirement as
21 long as he exhausted his administrative remedies prior to filing an
22 amended complaint.  See Rhodes v. Robinson, 621 F.3d 1002, 1006
23 (9th Cir. 2010) (amended complaint raised new claims which arose
24 after the original complaint was filed); Cano v. Taylor, 739 F.3d
25 1214, 1220-21 (9th Cir. 2014) (amended complaint raised new claims
26 which arose prior to the filing of the initial complaint).  As
27 noted above, Plaintiff has filed a motion for leave to file a

4

supplemental complaint. In his motion, Plaintiff states he seeks to supplement his complaint to add "[e]vents [that] have occurred since Plaintiff filed his complaint which are similar in nature to the violations alleged in the complaint." (Dkt. 38 at 1.)

In light of Rhodes and Cano, rather than file a supplemental complaint, the Court will grant Plaintiff leave to file an amended complaint, which may include the claims found cognizable in his original complaint as well as the claims he seeks to add by way of his proposed supplemental complaint. Plaintiff is cautioned that the amended complaint may only include claims that have been fully exhausted through the highest level of appeal available to him. Once the amended complaint is received, the Court will screen it pursuant to 28 U.S.C. § 1915A.

III

In light of the foregoing, the Court orders as follows:

1. Plaintiff must file his amended complaint pursuant to the instructions above, within twenty-eight (28) days of the date of this Order. The pleading must include the caption and civil case number used in this order (13-2114 TEH (PR)) and the words AMENDED COMPLAINT on the first page. Failure to file an amended complaint within the designated time and in accordance with this Order will result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand,

5

644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

3. Defendants' unenumerated motion to dismiss under Rule 12(b) is DENIED. The denial is without prejudice to refiling as a motion for summary judgment after the Court has screened Plaintiff's amended complaint.

4. Plaintiff's motion for leave to file a supplemental complaint is DENIED as moot.

5. The Clerk of the Court is directed to send Plaintiff a blank civil rights form along with his copy of this Order.

This Order terminates docket numbers 23 and 38.

IT IS SO ORDERED.

Dated: 04/23/2014

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\TEH\CR.13\Gibbs 13-2114 MTD.wpd

6