**United States District Court**
For the Northern District of California

1

2

3                        IN THE UNITED STATES DISTRICT COURT

4                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6

7

8   KENNETH GIBBS,                            No. C 13-02114 TEH (PR)

9            Plaintiff,                       SECOND ORDER OF SERVICE

10       v.

11   T. FARLEY, et al.,

12            Defendants.
    _____/

13

14

15          Plaintiff Kenneth Gibbs, a state prisoner presently

16   incarcerated at California State Prison–Sacramento, filed the

17   instant pro se prisoner complaint under 42 U.S.C. § 1983 regarding

18   incidents that took place at Pelican Bay State Prison (PBSP), where

19   he was previously incarcerated.  The Court screened the complaint

20   and found Plaintiff had stated an Eighth Amendment excessive force

21   claim.  The Court ordered the complaint served on four defendants

22   at PBSP.

23          Subsequently, defendants filed an unenumerated motion to

24   dismiss the case on the ground that Plaintiff had not exhausted his

25   administrative remedies.  Thereafter, Plaintiff filed a motion for

26   leave to file a supplemental complaint to add claims arising from

27   events occurring after the filing of his original complaint.  The

28   Court noted Plaintiff's concession that he did not exhaust

**United States District Court**
For the Northern District of California

1  administrative remedies before filing this action, as required by

2  the Prison Litigation Reform Act of 1995 (PLRA).  <u>See</u> <u>McKinney v.</u>

3  <u>Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  The Court

4  determined, however, that dismissal was improper given the Ninth

5  Circuit's recent decision in <u>Albino v. Baca</u>, 747 F.3d 1162 (9th

6  Cir. 2014), holding that "an unenumerated motion under Rule 12(b)

7  is not the appropriate procedural device for pretrial determination

8  of whether administrative remedies have been exhausted."  <u>Id.</u> at

9  1168.  The Court also determined that dismissal was unnecessary

10  given that Plaintiff exhausted administrative remedies subsequent

11  to filing suit and sought to amend his complaint.  <u>See</u> <u>Rhodes v.</u>

12  <u>Robinson</u>, 621 F.3d 1002, 1006 (9th Cir. 2010) (prisoner may satisfy

13  the exhaustion requirement as long as he exhausted his

14  administrative remedies prior to filing an amended complaint).  The

15  Court therefore denied the motion to dismiss without prejudice and

16  directed Plaintiff to file a first amended complaint, rather than a

17  supplemental complaint.  Plaintiff's First Amended Complaint

18  ("FAC") is now before the Court for review pursuant to 28 U.S.C.

19  § 1915A.

20                                    I

21       Federal courts must engage in a preliminary screening of

22  cases in which prisoners seek redress from a governmental entity or

23  officer or employee of a governmental entity.  28 U.S.C. § 1915A

24  (a).  The court must identify cognizable claims or dismiss the

25  complaint, or any portion of the complaint, if the complaint "is

26  frivolous, malicious, or fails to state a claim upon which relief

27  may be granted," or "seeks monetary relief from a defendant who is

28                                    **2**

immune from such relief."  Id. § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  Leer, 844 F.2d at 633.

II

In his FAC, Plaintiff asserts the following allegations. On April 24, 2013, PBSP Officers T. Farley and R. Graham came to Plaintiff's cell to escort him to the Interdisciplinary Treatment Team (IDTT).  Officer J. Andersen was also present.  After Plaintiff and Officer Farley exchanges some hostile words, Officers Farley and Andersen handled Plaintiff aggressively, making him feel

3

**United States District Court**
For the Northern District of California

1    that his welfare and security were at stake.  Upon exiting the

2    building and out of sight of other inmates, these Officers slammed

3    Plaintiff against the wall and told him that "if he moved, they

4    were going to take him down."  The Officers then reversed direction

5    and began escorting Plaintiff back to his cell.  Within a few feet

6    of his cell, someone placed their foot before Plaintiff, causing

7    him to fall.  While Plaintiff was falling, Officer Andersen placed

8    his knee upon Plaintiff's back, causing Plaintiff's handcuffs to

9    tighten so that he felt excruciating pain.  While Plaintiff was on

10   the ground, Officers Andersen and Farley jammed their elbows into

11   Plaintiff's neck, causing him more pain.  During this entire time,

12   Plaintiff was not resisting the Officers.  Other Officers arrived

13   at the scene.  Officer Chisman kicked Plaintiff in his loins.

14           As a result of the Officers' use of excessive force,

15   Plaintiff suffered a swollen eye, a swollen knee, and a sprained

16   wrist.  The Officers also filed a Rules Violation Report (RVR)

17   against Plaintiff, falsely asserting that he was resisting a peace

18   officer.  Plaintiff was found guilty.

19           Plaintiff filed his original complaint in the instant

20   action on June 4, 2013.  On August 5, 2013, Plaintiff was released

21   from PBSP's Administrative Segregation Unit (Ad-Seg) and returned

22   to the general population.  On August 10, 2013, Officer Andersen

23   approached Plaintiff's new cell with Plaintiff's personal property

24   and informed Plaintiff that he could not have his clippers,

25   batteries, chess board, soap dish, playing cards, and prayer oil.

26   Officer Andersen asked whether Plaintiff wanted to donate the items

27   or send them home.  Plaintiff informed Officer Andersen that he

28                                    **4**

United States District Court
For the Northern District of California

1   would file a lawsuit, and Officer Andersen walked away.  On

2   September 7, 2013, Officer Andersen again approached Plaintiff's

3   cell with Plaintiff's personal property and asked Plaintiff what

4   Plaintiff wanted to do with the items that he was not allowed to

5   have.  Plaintiff told Officer Andersen that he would donate the

6   items but then asked to have his CD-player, ten CDs, rechargeable

7   batteries, battery charger, and headphones.  Officer Andersen

8   informed Plaintiff that the requested items had been confiscated

9   from his prior Ad-Seg cell because Plaintiff was not supposed to

10  have them.

11          Based on these allegations, Plaintiff alleges the

12  following claims: (1) an Eighth Amendment claim against Officers

13  Farley, Andersen, and Chisman based on their use of excessive force

14  against Plaintiff; (2) an Eighth Amendment claim against Officers

15  Graham and Chisman based on the fact that they were present when

16  the other Officers violated Plaintiff's Eighth Amendment rights and

17  did nothing to stop them; (3) a claim for lack of access to the

18  Courts against Officers Farley, Andersen, Graham, and Chisman on

19  the ground that they filed false reports of the above-mentioned

20  incident to cover up their use of excessive force; and (4) a First

21  Amendment claim against Officer Andersen on the ground that he

22  confiscated Plaintiff's personal property in retaliation for

23  Plaintiff filing the instant action.

24  //

25  //

26  //

27  //

28                                  5

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III

### A

In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992). Where a prisoner claims that prison officials used excessive force, he must show that the officials applied force maliciously and sadistically to cause harm. <u>Id.</u>; <u>Furnace v. Sullivan</u>, 705 F.3d 1021, 1030 (9th Cir. 2013). Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. <u>Hudson</u>, 503 U.S. at 9-10. In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. <u>Id.</u>, 503 U.S. at 7; <u>LeMaire v. Maass</u>, 12 F.3d 1444, 1454 (9th Cir. 1993); <u>see also</u> <u>Spain v. Procunier</u>, 600 F.2d 189, 195 (9th Cir. 1979) (guards may use force only in proportion to need in each situation).

Construing the allegations liberally, Plaintiff states an Eighth Amendment excessive force claim against Defendants.

### B

Prisoners have a constitutional right of access to the

6

courts.  <u>Lewis v. Casey</u>, 518 U.S. 343, 350 (1996); <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977).  To establish a claim for a violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury.  <u>Lewis</u>, 518 U.S. at 350-55.  To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim in court concerning his conviction or conditions of confinement.  <u>Id.</u> at 354-55; <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002) (to state a claim, allegations must show the actual injury of being shut out of court).

Plaintiff alleged denial of access to the courts in his original complaint in this action.  The Court found that, even construed liberally, Plaintiff's allegations were insufficient to establish actual injury.  Although Plaintiff stated that Defendants falsified their reports so that he was found guilty, he did not allege how those false reports prevented him from pursuing his claim against them in court.  The Court further informed Plaintiff that a prisoner has no constitutionally guaranteed right not to be falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.  <u>Sprouse v. Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989); <u>Freeman v. Rideout</u>, 808 F.2d 949, 951 (2d Cir. 1986).  Plaintiff was granted leave to amend to remedy the deficiency.

In the FAC, Plaintiff again fails to establish actual injury.  The FAC contains the same conclusory allegations that Defendants somehow prevented Plaintiff from proving a

**7**

1  constitutional violation.  Plaintiff appears to be claiming that

2  had Defendants told the alleged truth at his disciplinary hearing,

3  he would have been acquitted of the charges in the RVR.  This is

4  nothing more than a claim for false charges which, as stated above,

5  is foreclosed.  See Sprouse, 870 F.2d at 452; Freeman, 808 F.2d at

6  951.  Accordingly, Plaintiff's claim for denial of access to the

7  courts is dismissed.  Dismissal is without leave to amend because

8  Plaintiff has been given an opportunity to amend this claim and it

9  appears that further amendment would be futile.

10                                    C

11         "Within the prison context, a viable claim of First

12  Amendment retaliation entails five basic elements:  (1) An

13  assertion that a state actor took some adverse action against an

14  inmate (2) because of (3) that prisoner's protected conduct, and

15  that such action (4) chilled the inmate's exercise of his First

16  Amendment rights, and (5) the action did not reasonably advance a

17  legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559,

18  567-68 (9th Cir. 2005) (footnote omitted).  The plaintiff must show

19  that the type of activity he was engaged in was protected by the

20  First Amendment and that the protected conduct was a substantial or

21  motivating factor for the alleged retaliatory acts.  See Mt Healthy

22  City Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).  Retaliation

23  is not established simply by showing adverse activity by a

24  defendant after protected speech; rather, the plaintiff must show a

25  nexus between the two.  See Huskey v. City of San Jose, 204 F.3d

26  893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the

27  logical fallacy of post hoc, ergo propter hoc, i.e., "after this,

28                                    8

United States District Court
For the Northern District of California

1  therefore because of this"). See generally Reichle, et al. v.

2  Howards, 132 S.Ct. 2088, 2097-98 (2012) (Ginsburg, J. concurring)

3  (finding no inference of retaliatory animus from Secret Service

4  agents' assessment whether the safety of the person they are

5  guarding is in danger); Dietrich v. John Ascuaga's Nugget, 548 F.3d

6  892, 901 (9th Cir. 2008) (finding no retaliation where plaintiff

7  presented no evidence that defendants gave her a traffic citation

8  after defendants read a newspaper article about her First Amendment

9  activities, rather than because she drove past a police barricade

10  with a "road closed" sign on it); Huskey, 204 F.3d at 899 (summary

11  judgment proper against plaintiff who could only speculate that

12  adverse employment decision was due to his negative comments about

13  his supervisor six or seven months earlier).

14          Plaintiff claims that Officer Andersen confiscated his

15  property in retaliation for his having filed the instant lawsuit,

16  but fails to allege any facts that elevate his allegations to the

17  level of a plausible retaliation claim.  The confiscation of

18  property does not alone imply retaliation.  There are no facts

19  alleged suggesting that Officer Andersen denied Plaintiff's request

20  for his property because of Plaintiff's protected conduct rather

21  than for departmental reasons, or that the action chilled

22  Plaintiff's First Amendment rights, or that the action did not

23  reasonably advance a legitimate correctional goal.  Accordingly,

24  Plaintiff's retaliation claim is dismissed.  Leave to amend is

25  granted so that Plaintiff may attempt to allege a plausible

26  retaliation claim, if he truthfully can do so.

27  //

28                                      9

United States District Court
For the Northern District of California

IV

For the foregoing reasons, the Court hereby orders as follows:

1.  Plaintiff's Eighth Amendment excessive force claims against all Defendants are cognizable.  Plaintiff's claim for denial of access to the courts is DISMISSED <u>without</u> leave to amend.  Plaintiff's retaliation claim is DISMISSED <u>with</u> leave to amend for Plaintiff to remedy the deficiencies noted in the Order, if he truthfully can do so.

2.  To expedite the resolution of this case, the Court orders as follows:

a.  No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion.  A motion for summary judgment also must be accompanied by a <u>Rand</u> notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  <u>Woods v. Carey</u>, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

---

[1]  If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's recent opinion in <u>Albino v. Baca</u>, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).  Such a motion should also incorporate a modified    <u>Wyatt</u>

1    If Defendants are of the opinion that this case cannot be

2  resolved by summary judgment, Defendants must so inform the Court

3  prior to the date the motion is due.

4          b.   Plaintiff's opposition to the summary judgment

5  or other dispositive motion must be filed with the Court and served

6  upon Defendants no later than 28 days from the date the motion is

7  filed.  Plaintiff must bear in mind the notice and warning

8  regarding summary judgment provided later in this order as he

9  prepares his opposition to any motion for summary judgment.

10          c.   Defendants shall file a reply brief no later

11  than 14 days after the date the opposition is filed.  The motion

12  shall be deemed submitted as of the date the reply brief is due.

13  No hearing will be held on the motion.

14          3.   Plaintiff is advised that a motion for summary

15  judgment under Rule 56 of the Federal Rules of Civil Procedure

16  will, if granted, end your case.  Rule 56 tells you what you must

17  do in order to oppose a motion for summary judgment.  Generally,

18  summary judgment must be granted when there is no genuine issue of

19  material fact – that is, if there is no real dispute about any fact

20  that would affect the result of your case, the party who asked for

21  summary judgment is entitled to judgment as a matter of law, which

22  will end your case.  When a party you are suing makes a motion for

23  summary judgment that is properly supported by declarations (or

24  other sworn testimony), you cannot simply rely on what your

25

26  notice in light of Albino.  See Wyatt v. Terhune, 315 F.3d 1108, 1120,
   n.14 (9th Cir. 2003); Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir.
27  2012).

28                              11

*United States District Court*
*For the Northern District of California*

United States District Court
For the Northern District of California

1  complaint says.  Instead, you must set out specific facts in

2  declarations, depositions, answers to interrogatories, or

3  authenticated documents, as provided in Rule 56(e), that contradict

4  the facts shown in the defendants' declarations and documents and

5  show that there is a genuine issue of material fact for trial.  If

6  you do not submit your own evidence in opposition, summary

7  judgment, if appropriate, may be entered against you.  If summary

8  judgment is granted, your case will be dismissed and there will be

9  no trial.  <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998)

10  (en banc) (App. A).

11          (The <u>Rand</u> notice above does not excuse Defendants'

12  obligation to serve said notice again concurrently with a motion

13  for summary judgment.  <u>Woods</u>, 684 F.3d at 939).

14          4.   If Plaintiff can cure the pleading deficiencies

15  described above in regard to his retaliation claim, he may file a

16  second amended complaint within twenty-eight days from the date

17  this order is filed.  The second amended complaint must include the

18  caption and civil case number used in this order (C 13-2114 TEH

19  (PR)) and the words SECOND AMENDED COMPLAINT on the first page.

20          Plaintiff is advised that the second amended complaint

21  will supersede the prior complaint and all other pleadings.  Claims

22  and defendants not included in the second amended complaint will

23  not be considered by the Court.  <u>See</u> <u>Lacey v. Maricopa County</u>, 693

24  F.3d 896 (9th Cir. 2012) (en banc) ("For claims dismissed with

25  prejudice and without leave to amend, we will not require that they

26  be repled in a subsequent amended complaint to preserve them for

27

28                                      **12**

**United States District Court**
For the Northern District of California

1  appeal.  But for any claims voluntarily dismissed, we will consider

2  those claims to be waived if not repled.").  Plaintiff may not

3  incorporate material from the prior complaints by reference.

4  Failure to file a second amended complaint within twenty-eight days

5  and in accordance with this order will result in a finding that

6  further leave to amend would be futile, and the deficient

7  retaliation claim will be dismissed.

8          5. If Plaintiff does not wish to file an amended

9  complaint, he shall so inform the Court within twenty-eight days

10  from the date of this Order.

11          6.  The Clerk is directed to correct the spelling of

12  Defendant R. Grahams' last name to read Graham.

13          7.  The Court notes that Defendant Graham has not been

14  served.  On July 17, 2013, the United States Marshal informed the

15  Court that it could not serve Defendant Graham.  The process and

16  return filed by the Marshal indicates that the PBSP Litigation

17  Coordinator said that more information is needed to identify this

18  Defendant.  It could be that the misspelling of Graham's last name

19  caused the problem in service.  In any event, on August 21, 2013,

20  the Court issued an order directing Plaintiff to provide the Court

21  with a current location for Defendant Graham such that the United

22  States Marshal could effectuate service.  Subsequently, on

23  September 12, 2013, Plaintiff provided the following additional

24  information for Defendant Graham:

25  R. Graham (Female)
   Badge #82207, ID #116001595
26  RDOS F/S Position A2-S&E#1
   Pelican Bay State Prison

27

28                                      13

1     Accordingly, the Clerk shall send a courtesy copy of this

2 order to the State Attorney General's Office in San Francisco.

3 Additionally, the Clerk shall send a copy of this order to

4 Plaintiff and to the PBSP Litigation Coordinator.  The PBSP

5 Litigation Coordinator is requested to take note of the additional

6 location information for R. Graham provided above.

7     Counsel for Defendants is directed to inform the Court no

8 later than thirty (30) days from the date of this order whether he

9 will also represent Defendant R. Graham.

10
      IT IS SO ORDERED.
11

12 Dated: 08/04/2014

                                   THELTON E. HENDERSON
13                                 UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24
   G:\PRO-SE\TEH\CR.13\Gibbs 13-2114 Serve2.wpd
25

26

27

28                                  **14**

**United States District Court**
For the Northern District of California