1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH GIBBS,

       Plaintiff,

   v.

T. FARLEY, et al.,

       Defendants.
_____/

No. C 13-02114 TEH (PR)

THIRD ORDER OF SERVICE

Docket No. 60

      Plaintiff Kenneth Gibbs, a state prisoner presently incarcerated at California State Prison–Sacramento, filed the instant pro se prisoner complaint under 42 U.S.C. § 1983 regarding incidents that took place at Pelican Bay State Prison (PBSP), where he was previously incarcerated.  This action continues against several Defendants for claims of excessive force.  Plaintiff was provided leave to amend to file a second amended complaint (SAC) to provide more information regarding his claim of retaliation.  Plaintiff has filed a second amended complaint and also added a due process claim with respect to his disciplinary hearing.

I

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A (a).  The court must identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pleadings filed by <u>pro se</u> litigants, however, must be liberally construed. <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. <u>Leer</u>, 844 F.2d at 633.

## II

In his SAC, Plaintiff asserts the following allegations. On April 24, 2013, PBSP Officers T. Farley and R. Graham came to Plaintiff's cell to escort him to the Interdisciplinary Treatment

2

United States District Court
For the Northern District of California

Team (IDTT).  Officer J. Andersen was also present.  After Plaintiff and Officer Farley exchanges some hostile words, Officers Farley and Andersen handled Plaintiff aggressively, making him feel that his welfare and security were at stake.  Upon exiting the building and out of sight of other inmates, these Officers slammed Plaintiff against the wall and told him that "if he moved, they were going to take him down."  The Officers then reversed direction and began escorting Plaintiff back to his cell.  Within a few feet of his cell, someone placed their foot before Plaintiff, causing him to fall.  While Plaintiff was falling, Officer Andersen placed his knee upon Plaintiff's back, causing Plaintiff's handcuffs to tighten so that he felt excruciating pain.  While Plaintiff was on the ground, Officers Andersen and Farley jammed their elbows into Plaintiff's neck, causing him more pain.  During this entire time, Plaintiff was not resisting the Officers.  Other Officers arrived at the scene.  Officer Chisman kicked Plaintiff in his loins.

As a result of the Officers' use of excessive force, Plaintiff suffered a swollen eye, a swollen knee, and a sprained wrist.  The Officers also filed a Rules Violation Report (RVR) against Plaintiff, falsely asserting that he was resisting a peace officer.  Plaintiff was found guilty.  Plaintiff alleges that the hearing officer, Defendant Lt. Diggle, violated his due process rights at the hearing by not allowing Plaintiff to call witnesses and not providing a staff assistant to help Plaintiff with his defense.

On August 5, 2013, Plaintiff was released from PBSP's Administrative Segregation Unit (Ad-Seg) and returned to the

3

general population.  On August 10, 2013, Officer Andersen approached Plaintiff's new cell with Plaintiff's personal property and informed Plaintiff that he could not have his clippers, batteries, chess board, soap dish, playing cards, and prayer oil. Officer Andersen asked whether Plaintiff wanted to donate the items or send them home.  Plaintiff informed Officer Andersen that he would file a lawsuit, and Officer Andersen walked away.  On September 7, 2013, Officer Andersen again approached Plaintiff's cell with Plaintiff's personal property and asked Plaintiff what Plaintiff wanted to do with the items that he was not allowed to have.  Plaintiff told Officer Andersen that he would donate the items but then asked to have his CD-player, ten CDs, rechargeable batteries, battery charger, and headphones.  Officer Andersen informed Plaintiff that the requested items had been confiscated from his prior Ad-Seg cell because Plaintiff was not supposed to have them.

Based on these allegations, Plaintiff alleges the following claims: (1) an Eighth Amendment claim against Officers Farley, Andersen, and Chisman based on their use of excessive force against Plaintiff; (2) an Eighth Amendment claim against Officers Graham and Chisman based on the fact that they were present when the other Officers violated Plaintiff's Eighth Amendment rights and did nothing to stop them; (3) a claim that Lt. Diggle violated his due process rights at the disciplinary hearing; and (4) a First Amendment claim against Officer Andersen on the ground that he confiscated Plaintiff's personal property in retaliation for Plaintiff filing the instant action.

4

**United States District Court**
For the Northern District of California

III

A

In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992).  Where a prisoner claims that prison officials used excessive force, he must show that the officials applied force maliciously and sadistically to cause harm. <u>Id.</u>; <u>Furnace v. Sullivan</u>, 705 F.3d 1021, 1030 (9th Cir. 2013). Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries.  <u>Hudson</u>, 503 U.S. at 9-10.  In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.  <u>Id.</u>, 503 U.S. at 7; <u>LeMaire v. Maass</u>, 12 F.3d 1444, 1454 (9th Cir. 1993); <u>see also</u> <u>Spain v. Procunier</u>, 600 F.2d 189, 195 (9th Cir. 1979) (guards may use force only in proportion to need in each situation).

Construing the allegations liberally, Plaintiff states an Eighth Amendment excessive force claim against Farley, Graham, Andersen, and Chisman as discussed above.

5

B

Wolff v. McDonnell, 418 U.S. 539 (1974) established five procedural requirements at prison disciplinary hearings.  First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Wolff, 418 U.S. at 564.  Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id.  Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)).  Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566; see also Bartholomew v. Watson, 665 F.2d 915, 917-18 (9th Cir. 1982) (right to call witnesses is basic to fair hearing and decisions to preclude should be on case by case analysis of potential hazards of calling particular person).  Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." Wolff, 418 U.S. at 570.  The Court

United States District Court

For the Northern District of California

1   specifically held that the Due Process Clause does not require that

2   prisons allow inmates to cross-examine their accusers, see id. at

3   567-68, and does not give rise to a right to counsel in the

4   proceedings, see id. at 569-70.

5           Plaintiff first argues that he was denied a staff

6   assistant to aid in his defense.  However, a staff assistant is

7   only assigned when the plaintiff is illiterate or there are complex

8   issues.  There are no such allegations here, and Plaintiff has

9   adequately litigated this case pro se.  Moreover, Plaintiff states

10  he was provided an investigate employee to help in the

11  investigation.  For all these reasons, there was no due process

12  violation.

13          Plaintiff also argues that he was denied witnesses for

14  his defense who observed the incident.  Construing this allegation

15  liberally, Plaintiff states a due process violation against Lt.

16  Diggle.

17                                  C

18          "Within the prison context, a viable claim of First

19  Amendment retaliation entails five basic elements:  (1) An

20  assertion that a state actor took some adverse action against an

21  inmate (2) because of (3) that prisoner's protected conduct, and

22  that such action (4) chilled the inmate's exercise of his First

23  Amendment rights, and (5) the action did not reasonably advance a

24  legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559,

25  567-68 (9th Cir. 2005) (footnote omitted).  The plaintiff must show

26  that the type of activity he was engaged in was protected by the

27  First Amendment and that the protected conduct was a substantial or

28                                  7

motivating factor for the alleged retaliatory acts.  See Mt Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).  Retaliation is not established simply by showing adverse activity by a defendant after protected speech; rather, the plaintiff must show a nexus between the two.  See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this").  See generally Reichle, et al. v. Howards, 132 S.Ct. 2088, 2097-98 (2012) (Ginsburg, J. concurring) (finding no inference of retaliatory animus from Secret Service agents' assessment whether the safety of the person they are guarding is in danger); Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 901 (9th Cir. 2008) (finding no retaliation where plaintiff presented no evidence that defendants gave her a traffic citation after defendants read a newspaper article about her First Amendment activities, rather than because she drove past a police barricade with a "road closed" sign on it); Huskey, 204 F.3d at 899 (summary judgment proper against plaintiff who could only speculate that adverse employment decision was due to his negative comments about his supervisor six or seven months earlier).

Plaintiff claims that Officer Andersen confiscated his property in retaliation for his having filed the instant lawsuit, but fails to allege any facts that elevate his allegations to the level of a plausible retaliation claim.  The confiscation of property does not alone imply retaliation.  There are no facts alleged suggesting that Officer Andersen denied Plaintiff's request for his property because of Plaintiff's protected conduct rather

United States District Court
For the Northern District of California

8

United States District Court

For the Northern District of California

than for departmental reasons.  Plaintiff was provided leave to amend but has failed to cure the deficiencies described by the Court and demonstrate a viable retaliation claim.  Accordingly, Plaintiff's retaliation claim is dismissed without leave to amend.[1]

IV

For the foregoing reasons, the Court hereby orders as follows:

1.  Plaintiff's Eighth Amendment excessive force claims against Farley, Graham, Andersen, and Chisman are cognizable. Plaintiff's due process claim against Lt. Diggle is also cognizeable.  Plaintiff's retaliation claim is DISMISSED <u>without</u> leave to amend.  Plaintiff's motion to add a claim (Docket NO. 60) is GRANTED.  No further amendments will be permitted.

2.  The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the second amended complaint in this matter and all attachments thereto and copies of this order on the following PBSP employee: Lt. J. Diggle (or D. Diggle).  The Clerk shall also mail a copy of this

---

[1]  To the extent Plaintiff argues there was a due process violation in the confiscation of his property, any such claim is denied.  Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized, however.  <u>See</u> <u>Parratt v. Taylor</u>, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986).  The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process.  <u>See</u> <u>Zinermon v. Burch</u>, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process).  California law provides such an adequate post-deprivation remedy.  <u>See</u> <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

United States District Court
For the Northern District of California

order to Plaintiff and mail a courtesy copy of this Order and the complaint to the California Attorney General's Office in San Francisco.

3. To expedite the resolution of this case, the Court orders as follows:

a. No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a <u>Rand</u> notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. <u>Woods v. Carey</u>, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[2]

If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due.

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is

_____

[2] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's recent opinion in <u>Albino v. Baca</u>, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified <u>Wyatt</u> notice in light of <u>Albino</u>. <u>See Wyatt v. Terhune</u>, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); <u>Stratton v. Buck</u>, 697 F.3d 1004, 1008 (9th Cir. 2012).

10

United States District Court
For the Northern District of California

filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

        c.   Defendants shall file a reply brief no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

        4.   Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be

11

no trial.  <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

     (The <u>Rand</u> notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment.  <u>Woods</u>, 684 F.3d at 939).

     5.  All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

     6.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

     IT IS SO ORDERED.

Dated: 03/11/2015

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\TEH\CR.13\Gibbs2114.serve3.wpd

United States District Court
For the Northern District of California